Larry D. HYSTEN, Plaintiff–Appellant,

v.

**BURLINGTON NORTHERN & SANTA FE RAILROAD COMPANY, Defendant–Appellee.**

No. 02–3148.

United States Court of Appeals, Tenth Circuit.

May 23, 2003.

Alan V. Johnson, Stephen D. Lanterman, Sloan, Listrom, Eisenbarth, Sloan & Glassman, L.L.C., Topeka, KS, for Plaintiff–Appellant.

David R. Cooper, Fisher, Patterson, Sayler & Smith, Topeka, KS, for Defendant–Appellee.

Before KELLY, HENRY, and HARTZ, Circuit Judges.

## CERTIFICATION OF QUESTION OF STATE LAW

PAUL KELLY, JR., Circuit Judge.

The United States Court of Appeals for the Tenth Circuit, pursuant to the provi-

sions of Kan. Stat. Ann. §§ 60–3201 to 3201–12, desires to submit to the Kansas Supreme Court a request that the Kansas Supreme Court exercise its discretion to accept the following important certified questions of Kansas law, which may be determinative of this case now pending in this court, and as to which there appears to be no controlling precedent in the Kansas Supreme Court or the courts of appeals of Kansas:

(1) Independent of the Kansas alternative remedies doctrine, does Kansas law, including, but not limited to, *Riddle v. Wal-Mart Stores, Inc.,* 27 Kan.App.2d 79, 998 P.2d 114 (2000), *Flenker v. Willamette Indus., Inc.,* 266 Kan. 198, 967 P.2d 295 (1998), *Palmer v. Brown,* 242 Kan. 893, 752 P.2d 685 (1988), and *Murphy v. City of Topeka–Shawnee County Dept. of Labor Servs.,* 6 Kan.App.2d 488, 630 P.2d 186 (1981), recognize an action in tort based on an employer's discharge of an employee in retaliation for the employee's exercise of his rights under the Federal Employers' Liability Act, 45 U.S.C. §§ 51–60?

(2) If the answer to (1) is yes: under the Kansas doctrine of alternative remedies, as articulated in *Flenker v. Willamette Indus., Inc.,* 266 Kan. 198, 967 P.2d 295 (1998), *Coleman v. Safeway Stores, Inc.,* 242 Kan. 804, 752 P.2d 645 (1988), or elsewhere, do the remedies available in the Railway Labor Act, 45 U.S.C. § 151 et seq., preclude an action in tort based on an employer's discharge of an employee in retaliation for the employee's exercise of his rights under the Federal Employer's Liability Act, 45 U.S.C. §§ 51–60?

## I.  BACKGROUND

"The Federal Employers' Liability Act [FELA] provides that every common car-

rier by railroad while engaging in interstate commerce shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce." H.C. Lind, Annotation, *Federal Employers' Liability Act: Requiring Employee to Work in Cramped Space, or Cramped or Strained Position, as Negligence*, 77 A.L.R.2d 779, 1961 WL 12939 (1961 and supp.2000) (collecting cases). From August 1977 until April 6, 1999, the plaintiff-appellant in this action Larry D. Hysten worked for the Burlington Northern & Santa Fe Railroad Company (Burlington), an FELA-covered entity.

As of April 6, 1999, Mr. Hysten was working at Burlington's Topeka shop facility, repairing and maintaining brakes. Upon awakening on the morning of April 7, 1999, Mr. Hysten experienced sharp lower back pains. Consequently, Mr. Hysten told Burlington that because of his pain, he could not work from April 7 to April 9. Mr. Hysten also told Burlington that he was unable to determine whether the back pain was work-related.

On April 8, 1999, Mr. Hysten sought medical care and was placed by a doctor on limited duty. On April 12, Mr. Hysten sought treatment at a medical clinic. A doctor at the clinic requested that Mr. Hysten be excused from work for two days and wrote a note to Burlington to that effect. When Mr. Hysten delivered the doctor's note to Burlington, he told at least one co-worker that he did not know exactly what had caused his injury.

Subsequently, Burlington personnel began to pressure Mr. Hysten to declare whether or not his back injury was work-related. Mr. Hysten was unable to comply with this request because he could not determine the cause of his injury. Mr. Hysten did, however, fill out a Burlington accident analysis form on which he noted that the back injury could have been sustained at work either while he was putting on an air hose or an air test device. Mr. Hysten continued to seek medical care and Burlington gave him a leave of absence. On May 3, Mr. Hysten returned to work.

When Mr. Hysten returned to work on May 3, Burlington placed Mr. Hysten in a program designed to accommodate employees who do not have work-related injuries. On May 15, a doctor cleared Mr. Hysten for return to full work duty. At that time, Mr. Hysten was still taking medication for back pain.

On May 18, Burlington personnel met with Mr. Hysten. Mr. Hysten did not have union representation at the meeting. At the meeting, Burlington personnel informed Mr. Hysten that he was required to declare whether his back injury was work-related. Mr. Hysten, to preserve his FELA rights, declared that his injury was work-related.

On May 21, Burlington informed Mr. Hysten that Burlington was going to conduct an disciplinary hearing to determine whether Mr. Hysten had violated company regulations by, among other things, failing to promptly report a work-related injury. On June 1, Mr. Hysten spoke with a Burlington representative about filing a FELA claim for what he now considered to be a work-related injury.

On June 14, 1999, after rescheduling the hearing a number of times (not apparently at Mr. Hysten's request), Burlington held a disciplinary meeting concerning Mr. Hysten despite the fact that Mr. Hysten was unable to attend. At that meeting, Burlington management personnel determined that Mr. Hysten should be terminated for violating Burlington's rules governing the reporting of work-related injuries. Following the meeting, Mr. Hysten attempted to contact Monte Johnson, Burlington's superintendent for the

Topeka Maintenance Terminal. Mr. Johnson refused to listen to Mr. Hysten's explanation. On July 12, 1999, Burlington terminated Mr. Hysten based on the determination made at the June 14th disciplinary hearing.

In January 2000, Mr. Hysten filed suit in federal district court against Burlington and Monte Johnson, alleging a number of claims under federal and Kansas law. In December 2000, the United States District Court for the District of Kansas issued a memorandum and order granting the defendants' motion for summary judgment on the federal claims and declining to exercise supplemental jurisdiction over the Kansas state law claims. *See Hysten v. Burlington Northern & Santa Fe Railroad Co, et al.*, no 00–2002–GTV, 2000 WL 1871889 (D.Kan. Dec. 6, 2000).

In April 2000, Burlington's Public Hearing Board reviewed Mr. Hysten's case and reinstated Mr. Hysten to his job at Burlington. Mr. Hysten received no back pay or additional remedies from Burlington.

In June 2001, Mr. Hysten filed a one-count complaint in the Kansas District Court of Wyandotte County. *See* Aplt's App. at 6 (First Amended Petition filed June 14, 2001). The complaint alleged that Burlington's termination in retaliation for Mr. Hysten's filing a claim under FELA constituted a public policy tort under Kansas law. *Id.* at 12–13. Based on diversity jurisdiction, Burlington removed the case under 28 U.S.C. §§ 1332 and 1441 to federal district court.

Subsequently, Burlington filed a motion to dismiss. The federal district court granted the motion to dismiss, stating:

Plaintiff simply asks this Court to hold that a remedy which provides something less than the full array of actual and punitive damages to an aggrieved employee is inadequate as a matter of law. The Court does not believe that the Kansas Courts would agree with this proposition, or that the public policy of the State of Kansas requires that the exceptions to the doctrine of employment at will be extended to create an actionable retaliation claim under FELA.

Aplt's App. at 49 (Dist. Ct. Order dated Mar. 26, 2002). We read (and so, it appears from their briefing on appeal, do the parties) the district court as having advanced two independent bases for its ruling, that (1) Kansas law does not recognize Mr. Hysten's claim as a public policy tort; and that, in the alternative, (2) Mr. Hysten's Kansas claim is preempted because he has an adequate remedy under the Railway Labor Act, 45 U.S.C. §§ 151, et. seq. *See* Aplt's App. at 45–49 (Dist. Ct. Order dated Mar. 26, 2002).

On Mr. Hysten's appeal to this court, the parties dispute both rationales for the district court's ruling, relying in significant part on those Kansas authorities identified in the statement of the certified questions above.

## II. CONCLUSION

This court concludes that this proceeding involves important questions of Kansas law that the Kansas Supreme Court should be afforded an opportunity to decide. It appears that these questions may be determinative of the appeal now pending before this court and that there is no controlling precedent. This court accordingly concludes that it should submit the two certified questions to the Kansas Supreme Court. That court may answer the questions or questions modified in that court's discretion pursuant to Kan. Stat. Ann. §§ 60–3201 to 60–3212.

Therefore, the undersigned judge of the panel submits this certification to the Kansas Supreme Court. The Clerk of this

court is directed to transmit a copy of this certification to counsel for all parties to the proceedings in this court. The Clerk shall also submit to the Clerk of the Kansas Supreme Court a certified copy of this certification order, together with copies of the briefs filed in this court, and either the original or a copy of the record as filed in this court by the Clerk of the United States District Court for the District of Kansas. We greatly appreciate the consideration of this request.

The appeal is ordered STAYED pending resolution of the certified questions herein.